**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YEUNG YAN LO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-493 |
| | ) | Judge Stephanie L. Haines |
| KRISTI NOEM, *Secretary of the U.S.* | ) | Magistrate Judge Patricia L. Dodge |
| *Department of Homeland Security, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Yeug Yan Lo ("Petitioner") (ECF No. 5). Petitioner was detained at Moshannon Valley Detention Center, has since been transferred to the Miami Correctional Facility, and claims that his prolonged detention since March 18, 2025, is unconstitutional under the Fifth Amendment. He seeks immediate release from custody. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 24, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 18) recommending that the Petition (ECF No. 5) be granted because Petitioner has been detained for over a year and removal papers appear to be unattainable. ECF No. 18, p. 3. *See Zadvydas v. Davis*, 533 U.S. 678, 680 (2001) ("It is unlikely that Congress believed that all reasonably foreseeable removals could be accomplished in 90 days, but there is reason to believe that it doubted the constitutionality of more than six months' detention. Thus, for the sake of uniform administration in the federal courts, six months is the appropriate period. After the 6–month period, once an alien provides good reason to believe that there is no significant likelihood

1

of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing."). The Parties were advised they could file objections to the Report and Recommendation within fourteen days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On April 7, 2026, Petitioner filed timely Objections (ECF No. 19).

Respondents objected to Judge Dodge's findings stating Petitioner had not made the threshold showing that removal was not significantly likely in the reasonably foreseeable future. ECF No. 18, p. 3. This Court disagrees. Petitioner has resided in the United States under a permanent order of removal since 2005 without any notable movement toward deportation. Most recently, Petitioner was detained on March 18, 2025, and he asserts that he has cooperated fully with Respondents efforts obtain the necessary travel documents to effectuate his removal to no avail. This Court is not unfamiliar with the intractability of the People's Republic of China as it pertains to the repatriation of its citizens and it sees no facts in this case to assume differently.

In its Objections, it is obvious to the Court that the Government provided no argument in the affirmative that there have been active communications with the People's Republic of China for Petitioner's removal. Without any evidence of efforts to remove Petitioner, this Court will issue the Writ.

Accordingly, the following order is entered:

## <u>ORDER</u>

AND NOW, this 17th day of April, 2026, IT IS ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) hereby is GRANTED insofar as it seeks Petitioner be released from Immigration and Customs Enforcement ("ICE") detention; and,

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 18) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Respondents Objections (ECF No. 19) are OVERRULED; and

IT IS FURTHER ORDERED that Respondents shall immediately release Petitioner from ICE detention, subject to and in accordance with the conditions of his preexisting Order of Supervision; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge